■ In the Matter of DOMILPAT RESTAURANT, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review two determinations of the New York State Liquor Authority, dated October 22, 1969, which respectively (1) canceled petitioner's restaurant liquor license, with claim upon petitioner's $1,000 bond, and (2) recalled petitioner's renewed license and disapproved petitioner's application for the renewed license. Determinations annulled, on the law, without costs, to the following extent: (1) by striking out all the provisions thereof which canceled and directed surrender of petitioner's liquor license, imposed the $1,000 bond claim, authorized issuance of a liquidator's permit, directed recall of petitioner's renewed license, and disapproved petitioner's application for the renewed license; (2) by striking out findings 1 and 4 contained in both determinations and finding 8 in the determination as to the renewed license; (3) by dismissing the charges underlying said findings; and (4) by limiting the remaining findings as hereinafter indicated. Determinations as to said remaining findings confirmed as thus limited. Matter remitted to respondent for the making of such new determinations it deems appropriate in the light of the decision made herein. We find no substantial evidence in the record to sustain findings 1 and 4 contained in both determinations and finding 8 in the determination as to the renewed license. We find substantial evidence in the record that petitioner permitted the premises to be frequented and used by a known criminal; that petitioner sold on credit, or gave away, alcoholic beverages to the known criminal; that over a period of six or seven months petitioner, whose gross annual liquor sales amounted to about $50,000 as compared with food sales of about $200,000, permitted food checks which included some $140 worth of alcoholic beverages to be paid for by credit cards despite its instructions to its employees that liquor charges were not to appear on food checks; that the employment of a man who had a 1946·felony conviction exceeded the scope permitted him as a cook pursuant to permission granted by respondent; and that one sale of two drinks occurred on June 1, 1968 15 minutes after the 4:00 A.M. deadline. We also find substantial evidence to support conclusions (1) that petitioner's annual license period commenced on March 1; (2) that the licensed premises were destroyed by fire in January, 1967; (3) that petitioner's 1966–67 license had lapsed when it applied on October 30, 1967 to renew its license for 1967–68; (4) that petitioner was not required to disclose any unreported loans made to it prior to October 30, 1967 and "since the signing of the application for the currently held license" (quotation from the printed form of the application for renewal), since the 1966–67 license had lapsed and hence there was no "currently

held" license; (5) that when petitioner applied on January 8, 1968 to renew its license for 1968–69 it was required to but did not report four loans made to it subsequent to the signing on October 30, 1967 of its application for the then "currently held" 1967–68 license; and (6) that petitioner made full disclosure to respondent about 23 days later when petitioner filed an application (subsequently denied) for approval of a corporate change, appended to which was a financial statement of assets, liabilities and loans. In our opinion, respondent's findings 2, 3, 5, 6 and 7 in both its determinations were broader than the facts and proper conclusions therefrom warranted; and the findings should be limited accordingly. Hopkins, Acting P. J., Munder, Martuscello, Latham and Brennan, JJ., concur.